NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO GIMENEZ CARAZO; et al., | No. 22-1645 |
| Petitioners, | Agency Nos. A209-820-707 A209-820-711 A209-820-712 A209-820-713 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2024[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Fernando Gimenez Carazo, Jenifer Cristiane Knabben, and their two

children, natives and citizens of Brazil, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying their application for asylum, and Gimenez Carazo's applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because petitioners do not contest the BIA's determination that they waived challenge to IJ's determination that they did not establish an exception to excuse the untimely asylum application, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Petitioners' contention that their untimely asylum application warranted an exception is not properly before the court because they failed to raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule). Thus, petitioners' asylum claim fails.

Because Gimenez Carazo does not challenge the BIA's determinations that his proposed particular social group lacked social distinction or that he otherwise failed to establish a nexus to a protected ground, we do not address them. *See Lopez-Vasquez*, 706 F.3d at 1079-80. Thus, Gimenez Carazo's withholding of removal claim fails.

Because Gimenez Carazo does not challenge the agency's CAT denial, we do not address it. *Id.*

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**